**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:20-CR-52-HAB |
| | ) | | 1:21-CV-445-HAB |
| MARVIN E. OLIVA-DEL CID | ) | | |

**OPINION AND ORDER**

Defendant pleaded guilty to illegal re-entry, in violation of 8 U.S.C. § 1326 (the "Statute").
He did not appeal his conviction or sentence. Instead, six months after sentencing, Defendant
moved to vacate under 28 U.S.C. § 2255 arguing that the Statute is unconstitutional. The Court
doubts Defendant's argument but need not reach it. Defendant forfeited his constitutional argument
by failing to raise it on direct appeal. So, Defendant's motion will be denied on non-constitutional
grounds.

**I.      Factual Background**

Defendant is a Guatemalan citizen that has been thrice removed from the United States.
Caught illegally in the country a fourth time, Defendant was charged in a single-count indictment
with illegal re-entry into the United States by a removed alien, in violation of the Statute.
Defendant pleaded guilty and was sentenced to twenty-four months' incarceration with one year
of supervised release to follow. As part of his written plea deal, Defendant agreed to waive his
"right to appeal or to contest [his] conviction and all components of [his] sentence or the manner
in which [his] conviction or [his] sentence was determined or imposed," either on direct appeal or
via § 2255 motion.

Defendant lived up to part of that agreement. He did not appeal his conviction or sentence.
Instead, he moved to vacate challenging the constitutionality of the Statute. He bases his argument

on a district court decision from Nevada, *United States v. Carrillo-Lopez*, Case No. 3:20-CR-26-MMD, 2021 WL 3667330 (D. Nev. Aug. 18, 2021), which found that the Statute violates the equal protection guarantees of the Fifth Amendment.

## II.   Legal Discussion

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). This statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. In making that determination, the court must review the evidence and draw all reasonable inferences from it in a light most favorable to the government. *See United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000); *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992).

Section 2255 petitions are subject to various bars, including that of procedural default. Section 2255 petitions are "neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted). Therefore, a § 2255 motion cannot raise: (1) issues raised on direct appeal, unless there is a showing of changed circumstances; (2) non-Constitutional issues that could have been raised on direct appeal but were

not; and (3) Constitutional issues that were not raised on direct appeal. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994)).

The Government asserts that Defendant's motion falls into the third category of prohibited issues. Of course, Defendant did not raise his constitutional issue on direct appeal because he didn't file an appeal. To raise the issue now, he must fit himself into the narrow exceptions to the rule.

"Constitutional errors not raised on direct appeal may not be raised in a § 2255 motion unless the defendant can demonstrate either: (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice." *McCleese*, 75 F.3d at 1178. Defendant does not recognize his procedural predicament in his motion, so he does not explain to the Court why his case falls into one of these exceptions. The Court is left, then, to speculate on his behalf.

Giving Defendant the benefit of the doubt, the Court will construe his motion as raising a constitutional issue that is novel; i.e., not available when he could have appealed. The United States Supreme Court has recognized that "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise a claim." *Reed v. Ross*, 468 U.S. 1, 16 (1984). A constitutional claim is not "reasonably available" if the decision establishing that claim (1) expressly overruled existing Supreme Court precedent, (2) overturned a long-standing and widespread practice to which a "near unanimous" body of lower court authority had adhered, or (3) disapproves a practice that the Supreme Court potentially had sanctioned in the past. *Id.*[1]

---

[1] Although the Seventh Circuit has repeatedly questioned *Reed*'s validity after the Supreme Court decided *Teague v. Lane*, 489 U.S. 288 (1989), *see, e.g., Prihoda v. McCaughty*, 910 F.2d 1379, 1386 (7th Cir. 1990), *Teague* dealt with

As the Government correctly notes, the Nevada district court's decision in *Carrillo-Lopez* cannot constitute good cause to excuse Defendant's procedural default. "A single district court decision . . . has little precedential effect. It is not binding on the circuit, or even on other district judges in the same district." *United States v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir. 1987). *Carrillo-Lopez* did not, and could not, overturn anything. Indeed, the implication in *Reed* is that a decision establishing a novel constitutional claim must come from the Supreme Court. Unless *Carrillo-Lopez* is confirmed by the Supreme Court and made retroactive, it cannot save Defendant from procedural default.

Because the Court finds that Defendant is procedurally barred from raising his constitutional claim, it need not, and should not, rule on the constitutionality of the statute. *Robbins v. Lady Baltimore Foods, Inc.*, 868 F.2d 258, 262 (7th Cir. 1989) ("It is well established that federal courts must not rule on constitutional issues where other, nonconstitutional grounds are available."). Defendant's motion, then, will be denied on procedural grounds alone.

## III.     Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880,

---

constitutional rules of procedure and does not undermine the authority of *Reed* as to a substantive rule of law. *See Velleff v. United States*, 307 F. Supp. 3d 891, 894, n.6 (N.D. Ill. 2018).

893 & n.4 (1983). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

No reasonable jurist could conclude that Defendant's constitutional claims are not procedurally barred. Thus, the Court will not issue Defendant a certificate of appealability on Defendant's § 2255 motion.

## IV.     Conclusion

For these reasons, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 60) is DENIED. A certificate of appealability SHALL NOT ISSUE.

SO ORDERED on March 24, 2022.

 s/ Holly A. Brady_____
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT